The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw an eye, and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Please be seated. Welcome. We have four cases today, and we will start with our first, Kevin Pitts v. State of South Carolina. Whenever you're ready. Good morning, Your Honors, and may it please the Court. My name is Katherine Winbrandt, and I represent Plaintiff Appellant Kevin Pitts. I have reserved four minutes for rebuttal. As every circuit presented with this issue agrees, district courts lack the authority to decide in dismissal orders whether the dismissal qualifies as a strike under Section 1915G. But in the decision below, that is exactly what the district court did. It not only dismissed Mr. Pitts' claims under Section 19E and 1915A, it then reached out to apply Section 1915G and ordered that this action shall serve as a strike. In determining that the dismissal qualifies as a strike, the district court violated the basic Article III principle that federal courts must wait until a legal question crystallizes into a case or controversy before they decide it. Counsel, can I just ask a quick question about your justiciability argument? So as you said, everybody actually seems to agree that district courts lack the authority to make sort of a binding determination before the fact. Does it matter for our purposes whether, or for purposes of this case, do we have to decide whether that violates Article III, or is it sufficient that they lack the statutory authority to do that? It's sufficient that they lack the statutory authority to do that. If this court chooses to go the route of Judge Easterbrook and Hill and call it an excess of statutory authority, nothing rides on that. And we see the constitutional issue and the statutory issue as two sides of the same coin. Congress confers jurisdiction by statute, and if courts reach out and decide a question before Congress gives it that authority, that is an excess of jurisdiction. But to answer your question, either way, it does not matter from our perspective. Is this the kind of constitutional question that we should avoid if we can, or does it, in that case, what should we do? Assuming, hypothetically, that we agree with all of the other courts on both of the parties, that courts lack the authority to do this under the statute, is it proper for us to go ahead and reach the ripeness question too? We believe it is proper. We believe it is, as I said, two sides of the same coin, essentially the same question, and that the reason, certainly Congress could have drafted a statute that gives district courts the authority to make these decisions one by one if it drafted a different statute. But here, we believe that the ripeness problem arises from the statutory text. But again, Your Honor, if this court disagrees with that, a decision finding what the district court did here, which is to declare that this case shall constitute a strike, it is so ordered on pages A30 and A31 of the appendix, that it would be fine if this court concludes that that is simply a violation in excess of the statutory authority that the district court has. So help me understand, there seems to be two possible answers if we take this premise that the court lacks the authority to make a binding resolution of this issue. One is to say that the district court is forbidden to say anything about it, which sounds a little bit like you can't have any dicta in an opinion. And the other is to say that it's not binding, right? So that because the district court lacked the authority to make a determinative decision, the dicta about whether it's a strike or not is not binding on any future court who's by statute required to make that decision on their own. But we don't typically, we don't always say that merely because something's dicta that it is improper from either a constitutional or statutory perspective. Tell me why I don't look at it the latter way? You want to say, no, no, you can't say it at all. You're verboten from even mentioning it. Instead of saying, well, it's dicta, so it's not binding on the next court. But, you know, the courts all the time say things that they're not legally required to do under their authority. Yes, Your Honor. And to be clear, what we're advocating for is sort of a middle path. We're not saying district courts are prohibited from uttering the word strike in an opinion. We don't disagree that district courts have the authority to issue dicta that says something like, please note that there is this section 1915G. This is what it says. This is the type of case that what the statute says is that there are certain types of cases that will accrue strikes. This is a determination for a later court to make, and a later court may look back at this case. But they can't go the next step to say, I warn you that in my view, this is a strike. Yes, yes, Your Honor. That's what you're saying? They can't say that? Yes. And that's what I'm having a little trouble with. So I get the warning piece, right? But that's not a warning. The warning is, I think this is a strike. And so when you come back, you should consider this to be a strike. And maybe that's a good idea. Maybe it's not a good idea. That's not my question. My question is, why the district court lacks the authority to say that piece of dicta, right? If the district court said, listen, I think it's going to be a strike, right? Like, you know, maybe somebody else gets to decide this at the end of the day. But I find this to be a strike. Yes, Your Honor. So we believe that anything that reads as a purported adjudication of the question, this shall be a strike, I designate this a strike, that creates an injury on litigants like Mr. Pitts in two ways. Amicus agrees with both. First, as Judge Easterbrook said in the Seventh Circuit, these premature strike determinations in reality may— That's a different question. That's the question of whether we review it at this stage. I get that. But what I'm trying to understand is why the statute or the Constitution prohibits this dicta and doesn't prohibit lots of other dicta, right? I mean, that's the—do you understand what I'm trying to play with? I understand it can't be binding. Let's hypothetically say it cannot be a binding statement, right? It's not a binding statement. But occasionally, some of us on this bench occasionally say things in opinions that are not themselves binding. In fact, lots of things that we say in opinions are not binding, and yet we don't think the Constitution or anything prohibits us from doing that. I understand, Your Honor. And I think the first step of this analysis, we don't believe this is dicta. We believe that what this court should be doing is starting with the words on the page— Necessary to the resolution of the matter before the court. No. Or it's dicta. It's not necessary for the resolution, but that sort of reverse-engineers the inquiry. On that logic, it would be difficult to find that any district court decision reaching out to purport to decide a question not before it is dicta because it's not binding, so therefore we sort of pretend that it didn't happen. We think that the starting point for the analysis should be the words on the page that the district court wrote, and if it reads as a purported holding, as this certainly does, that should be where the court starts and asks the question, did the court have authority to reach this purported holding? Can I just follow up with one question on that, and then I will stop and let my colleagues answer? Sure. So is the rule effectively that if we use dicta—I assume the rule applies to the Fourth Circuit just like it does the district court if it's a constitutional rule, maybe putting aside the statutory question—that if I say something with confidence, then it's prohibited by the Constitution. But if I say, I'm getting ready to give you some dicta, I've got to tell you it's dicta, otherwise I violated my oath to comply with Article III, that seems like a really hard line. Very respectfully, Your Honor, I think maybe what is complicating this question is saying something with confidence. District courts, we believe, are certainly entitled to say anything with confidence. The question is whether it's mandatory adjudicatory language, words like shall. And that's the kind of inquiry that courts are used to conducting, looking at language on a page and knowing whether something is mandatory adjudicatory language and something that is a warning, a suggestion, something that's qualified. We don't argue that district courts need to say, this is dicta, here is what I think for a future case. If a district court wants to say in a future case the court may look at this case and determine whether it counts as a strike and here is the statute that governs whether something is strikes, that's fine. When I say if it's an opinion, which occasionally happens, the test is the following, even though the test is not necessary. I'm saying it is, that's like an unqualified statement, but it might well be dicta. We look at Supreme Court decisions all the time and there is very concrete, absolute language that we on the back end say that's dicta because it wasn't necessary to the resolution of the matter. Understood, Your Honor. And I think a good place to point you to is Judge Grudner's dissent in the Eighth Circuit, which explains that the dicta is explanatory of an opinion. It's not something that purports to govern a separate question. And your hypothetical, if a court said this is the test, I do not, I wouldn't read that as mandatory adjudicatory language of the rights of the parties before it. That's sort of a preliminary step in analysis. Here we have the conclusion portion of the opinion that says this shall constitute a strike. It is so ordered. It is purporting to order a conclusion that will affect Mr. Pitts. And that's something that strikes me as different from the hypothetical you posed. We put dicta in our opinion. There is often dicta in opinions, but it's rarely the words reversed, vacated, and remanded. That's not dicta. Right, I'm just sort of repeating back to you. What is ordered in this case is that the action shall serve as a strike in accordance with 28-1915G. It is so ordered. I mean, I just, I understand we could, let's just, we could, you know, like there is this interesting. I'm totally happy to answer your question.  I mean, right, there is this interesting idea that something can sort of be rendered dicta by operation of law almost. Like because it can't be what it appears to be, it must be dicta, right? That's the, that's sort of the argument in this case. But that seems like an unusual way to approach literally what is announced as the holding, the operative holding of a case. Even this court, and it was in an unpublished opinion, did do something similar, and that's in that Johnson case. And it was not part of the holding, not a necessary part of the holding, but the court did indicate that we note that this dismissal will count as a strike for future filings. And so even this court has done it. And so how do you square that? It's unpublished, not precedent, but how do you square your position with that? Sure. Your Honor, I mean, we think that this is, the reason why we're here is that this is a complicated area of law that has stymied courts at all levels. And what the difference is is that the question has not, never been presented as far as we know to this court in this way. And so it has never had the occasion to consider it. And as you say, that wasn't a precedential opinion. So it's not like we need to square the analysis and follow it. We just need to recognize that it's, I think that contributes to the importance of resolving this question clearly now. And to Judge Harris's point, which of course we very much agree with, I would just add that I think not only is it an odd rule to sort of presume by operation of law that something is dicta and then treat it as such, regardless of the words on the page. This is, that would be a particularly dangerous rule in this context where we're dealing with almost always pro se prisoners who, what they have is the order from a federal court. They're not steeped in the precedent from other courts of appeals and they need to adjust their litigation tactics accordingly. And we expect that of prisoners to follow what federal courts say. And so it would be particularly problematic to adopt that kind of reasoning in this context, we submit. And if this court has no further questions, I will reserve the rest of my time for rebuttal. Thank you.  Even if you've never played baseball or softball, the idea of getting a strike and going down in the count is easy to understand. And for prisoners who want to grasp the consequences of a particular dismissal for whether they will be, should alter their tactics, whether they should think about whether they'll have IFP waivers in the future, the term is important. For courts trying to manage their dockets, avoid missing meritorious claims and figure out how to relate what are sometimes, you know, 10, 20, 30 cases filed in different courts, sometimes over a span of 10 or 20 years. The term is similarly important. And that's why, Your Honor, we take a somewhat counterintuitive position, which is that we believe adopting Mr. Pitts' logic is actually potentially harmful to prisoners in pro se cases. As you note, we believe that the court should adopt the view of Judge Easterbrook in the Seventh Circuit and hold that a district court may use the word strike to describe a dismissal under 1915 E&G's shared terms. This is a common sense approach. Counsel, can I just, because you said counterintuitive, and I did have a concern, I guess, concern may be too strong, but a question about Hill. Because the thing that struck me as counterintuitive about Hill was this idea, which I believe you endorsed in the brief, that the district court's purported strike determination is dicta for purposes of whether the district court can do it, but it's not dicta for purposes of whether it is reviewable on appeal. And that struck me as counterintuitive. So can you square that circle for me, how that can be right? Yes. So the first thing we would say is we agree that whether the use, first, I'm going to make a global point. I think the focus on the word strike is actually part of the problem here, because the real risk for prisoners falls in the assessment and the finality of a finding of a shared E&G term, and I'll revisit that point. But the fact that a court invokes that term causes someone to change their behavior, and as Judge Easterbrook says, that's legal injury. And it rises above, it is part of, in our view, and this is counter to Judge Grunder's Eighth Circuit view, it's part of the opinion. And in that way, it is not a determinative holding that there is another strike, but it may cause the prisoner to alter their behavior. I thought it was sort of hornbook law that you can't appeal dicta, even if it has results in the world, because it's just by definition, it's not a cognizable injury. You can't win a case and then say, but I'd like to come up on appeal because some of the dicta in the opinion is going to hurt me in my next case. So in Camerota v. Green, the United States Supreme Court noted that the typical rule, and to start with your example, would be a prevailing party appeal, right? That typically, a prevailing party can appeal, even if it was right for the wrong reason. But it noted that where the rationale given is going to alter how people will behave and has potential legal consequences or likely legal consequences, and those are likely to arise against the party, that part of the opinion can be appealed. And we think this flows naturally from Blakely, Your Honor. Now, I want to come back to the idea that at the end of a first case, be it on direct appeal or before the district court, whether a prisoner has suffered a dismissal for a shared E&G term, frivolous, malicious, failure to state a claim, is decided definitively. And so you could have a prisoner, if you accepted, for example, Mr. Pitts' arguments on his second issue presented, for example, you could have a prisoner who would want to appeal because they have suffered a legal injury and will be one-third of the way to not having IFP status in the future because their case was dismissed for the wrong reason. But I guess I'm just not understanding how they haven't suffered an injury because that's not a dispositive ruling. Their case is not one-third of the way. There's not a strike. No strike has been adjudicated. It's just dicta. Let's come back to the idea that we put forward, Judge Harris, that strike is a judicially invented descriptor. It appears nowhere in the statute. At the point Blakely says, and this is on 616 of the opinion, that at the point at which first we look at the face of each dismissal to determine if a case is frivolous, malicious, or fails to state a claim, footnote three of Blakely says, we don't just look to the order part at the end. We can look back to the opinion, the rationale, and the terms. And that rationale is final at the conclusion of the case. This is at 617. Blakely invited the courts to look back and reconsider his old dismissals and said, okay, we know this says it was a dismissal for this reason, but we should get into the merits. It was actually for another reason. And en banc, the Fourth Circuit has said, we don't do this. And so the trap and the thing that I worry about is not the use of the term strike. It's that a prisoner will have lost a case that they were ultimately going to lose. But for a reason that counts under E&G's shared analysis, and therefore will be binding on a court in the Fourth Circuit. Is your position, so assume the district court doesn't say anything about strike, but decides the case on the grounds that it's frivolous, right? And so in the future, somebody might decide it's a strike. And that defendant appeals and says, no, no, no, no. It's not frivolous, but I lacked standing to bring my claim. And so I should lose for a different reason. Your position is that they can bring that appeal. I mean, I would I would naturally think they cannot make that appeal. That is an appeal that they're not able to make, that there's some future contingency, and that's fine. But they are not asking for a different judgment. This is this is the position we ask the court to adopt that the Seventh Circuit has taken. And I understand. But what I'm saying is, why? Like, does it extend that far? So in any case, either the plaintiff or the defendant can appeal not to change the result, but to change the district court's rationale. Yes, your honor. That is our position. And I think without that, Blakely becomes a trap for the unwary because a prisoner who again. So as a practical matter, these cases typically get appealed on lots of grounds. It is a an appeal created in a lack of matters here. I know. But if we then turn to the logic of Blakely, I don't understand how you can have a legal determination at the end of a case that is going to carry harm for you in the future. IFP status is very serious. It potentially bars prisoners from being able to come to court. But the point is, is it doesn't carry harm in the future because it's it's at best a tentative determination and at worst just an advice of rights. I think this is where the focus on the term strike in this appeal is actually unhelpful. Because what is definitively determined is whether a case was frivolous, malicious or fails to state a claim under both 19 E and G. Blakely tells us that analysis is one analysis. Can I ask you a question? So and maybe I'm misremembering kind of the state of play and the circuits on this. So Hill does say this is dicta, but it's appealable. And you are defending that it might be both. But there are plenty of circuits, right, that say this is dicta and that's fine and it's not appealable. Why is it important to you to sort of. Why, in your view, is it so important that this dicta also be appealable? So I think it is important that the rationale for the decision be appealable and that the word strike is almost always going to travel with that. And why is it so important that the rationale be appealable? Because a prisoner who has not in action now in actuality filed a case that is frivolous, but will forever be termed for the rest of the time that they're incarcerated as having had a frivolous case. And maybe this is the case that tips them over at the three case limit. That prisoner is in a very bad position. And if you look at this court's cases, your honor, there are numerous cases where I'm sorry, I'm having a hard time understanding your position. So when you I'm not sure what you mean by the rationale. Right. So there are two different you might say there are two different rationales that's going on. This is the reason the case was dismissed. And this is the reason that it qualifies under 1915. Right. When you say rationale, which one are you referring to? I am saying that for the terms frivolous, malicious and fails to state a claim, they are the same rationale. And that's what Blakely that's the view that we believe was adopted in Blakely. But they need not be right. So the question here, everybody, you know, the case was dismissed on heck grounds is heck in 1915. Right. So the rationale that it's a heck bar. Right. That is very clear. Right. And so the question is, in that scenario, there are two determinations being made. Heck bars recovery here. And second, a heck bar is something that qualifies under 1915. Those are not the same determination. Your Honor, respectfully, I disagree. And I think. Well, let me take a step back. I think that Blakely says you're right. I'm sorry. So you're telling him, OK. You're telling me that deciding that the heck bar applies. Is the same determination is deciding whether a heck bar falls within 1915. What I would say, Your Honor, is that under Blakely, whether the heck bar was properly assessed in case one. So not not the look back, whether he's final. And so if it was a mistake in analysis, that's why they're two separate questions. That's the very point. The fact that it was dismissed under heck is final. Whether a heck bar is falls under 1915 is simply a separate question. It is not just one in the same. You want to say one in the same. It's not one in the same. There are two separate questions. So I agree that when properly presented, they are separate questions. I agree with that, with you on that, Your Honor. I think the discussion, the rationale is appealable. That's what I'm I'm trying to get back. I'm trying to understand your argument, which I'm I'm struggling with here. So when you said the rationale is appealable, which of those two questions are you saying is appealable? I'm saying it is appealable in the first case because Blakely says it. I am saying that whether a heck bar can be termed a dismissal under 1915 is a unified question for both E and G. And it must be presented when that prisoner's case is first brought to the court. And that's because Blakely says we look at the face of the opinion. And if that opinion was wrong, if that opinion was mistaken, we are stuck with that. But doesn't the defendant still have the same incentive to challenge the rationale of the dismissal, whether or not there's even this discussion about a strike? They may have this. I agree that there is the same incentive. The problem is one of information for a prisoner. But don't prisoners always get that information? When the first order goes out, it says if your claim is dismissed for being frivolous or a failure to state of claim, that it could count as a strike. Why isn't that sufficient to put the defendant on notice? Because when you almost every court that has looked at this has acknowledged the important communication to prisoners that comes from using the word strike in an opinion. And that's because, and I come back to where I started in my argument, the term strike is something that's intuitively understood by people who may have low reading comprehension. Can I ask you this? Under your theory, so imagine a scenario where this order issues and you say it is appealable, that is the 1915 determination, colloquially strike, but I get you want to call it 1915. And imagine a defendant doesn't appeal that. Under your theory, given that he could have appealed it, does that mean that he is in the future precluded? Is that res judicata? Does the dicta now become res judicata on him? Understood, Your Honor. Are we in case one? May I clarify? Well, what I'm saying is this very case. Okay. But you don't have these good lawyers, right? And so he does not appeal the order that we have below. But under your theory, he could have appealed the 1915 determination, right? He had the opportunity to do so, failed to do so. And now in case two, when he's barred, given that he had the opportunity to do so, he now is res judicata on the dicta the district court gave. He is res judicata. Your Honor, I'm going to divide this. I would say that it is res judicata that his case was dismissed for failure to state a claim, which I think the court says at age 25. No, but also the second question, which the district court said in dicta it was 1915, but he failed to appeal and he had the opportunity to do so. He didn't avail himself of that option. And since it was dicta the district court, but not dicta to us, it now is binding on him. And that's like, just seems like totally backwards. Your Honor, the finding that the case was dismissed under a 1915 E.G. ground would be binding and is not dicta. The use of the term strike is dicta under our reading. Counsel, I'm trying to think about how to phrase this. So the way you are reading, Blakely, and I understand that I've read Blakely. I see where you're coming from. It does seem like it's running a little bit into what appears to be the very established rule that a court adjudicating the strike question in the moment, petition number four, is supposed to make an independent determination about whether there are in fact the requisite three prior dismissals. How do I square that? Your Honor, we view Blakely as giving a division of labor and is limiting what that independent investigation is. And Blakely says that. It says it's taking a bright line approach. So the first three courts decide, why is this case dismissed? Is it under a shared 1915 E.G. ground? That's the role of the first three courts. The fourth court counts. And we know a few things about that counting. We know it counts by whole numbers under Tolbert. It has to be an entire dismissal. There are some cases, particularly with older opinions, that are not going to have had the benefit of Blakely's guidance where the court may have to construe the ruling. But we don't believe there's any independent merits investigation by the time you get to the fourth court. Otherwise, you're revisiting a decision that is closed. And it is, you know, wrong standing. I understood Blakely to be a different point, maybe. I understand what Blakely is telling us is that you don't get to the question of, you know, are you a felon or not for owning a firearm? Right. Like the court making that determination looks at the prior conviction and you can't collaterally attack the prior conviction by saying, well, I didn't have a good lawyer or, you know, I didn't really do it. You know, so in that sense, it's independent. And the later court is bound by what happened below or what happened before. Excuse me. But it doesn't mean that the fact that the first court said felony is what's determinative. Right. Because the question is under our 922 statute, is it punishable by imprisonment for more than one year? Right. So that's what matters. And so what Blakely tells us is that the second court must do that. But when looking back at the underlying conviction, there's no collateral attack on it. You got to apply. Is it punishable by imprisonment for more than one year to the prior judgment? Right. Without a collateral attack. That's all Blakely's telling us. Your Honor, I would. The reason I think that Blakely looks gives more deference to the first court and its rationale is because of footnote three. And that's where the court looks back both to the opinion and the judgment in the first case. And because it is also said we adopt that first case even with its mistakes. Opinion and judgment. Right. Because in the 1915 context, it is the rationale that matters. In the felony example, the judgment's the only thing that matters because it's punishable by imprisonment for more than one year. So there you look at the judgment and the statute. But because here it's rationale, you got to look at the judgment and the order. I mean, and the opinion. Yes, Your Honor. That doesn't answer that just that seems to me that that's the same parallel. So I think, Your Honor, I would come back again to the fact that Blakely said, even if some of these cases were wrongly decided, for example, and you cannot dismiss this claim at summary judgment in a case for 10 or 20 years ago, it is still a strike under Blakely because it is not re adjudicated. Same way. This is a felony. Even if DNA shows you didn't do it. Right. It's still it's still a felony. Right. Like so totally right. It might be wrong. We don't get to collaterally attack it. That's all Blakely's telling us. Right. And that's why, Your Honor, if you have a dismissal and the order says it is dismissing for failure to state a claim in 10 years later, you're in front of a court and seeking an IFP waiver and you have three dismiss suits, you no longer get to say it was not dismissed under a 1915 ground. That's our position. Your Honor, I see my time has almost elapsed. If I may briefly, I think that the use of the term strike is the wrong focus in this case, given our shared agreement that strike is not itself binding. Right. The first court use of the term is not a magic word. But I want to return to the theme that I think in the vast majority of cases, the system is working, that people appeal their prisoners, appeal their dismiss suits. They get a second look and the courts are managing this very well. And so for that reason, we ask that you affirm the decision of the district court. We appreciate the opportunity to be with you today. Thank you. Ms. Weinbrand, yes, you've got some rebuttal. Just a few points before I close, Your Honors. Just a few points before I close, Your Honors. First, we find it puzzling that amicus focuses so much on the importance of clear communication and understanding when the rule that amicus advocates for would be to misinform litigants about whether they have a strike under Section 1915G. And I think the disconnect here is amicus' failure to grapple with the language of the actual opinion. Can I ask you a question? I think, I find this case confusing and there may be things I am misunderstanding. But I think what your colleague on the other side is saying is there really is no miscommunication here because under Blakely, like if the district court said it's frivolous, then it's a strike. I may not be allowed to say the second part of that, but it is what it is. So there is no miscommunication. We strongly disagree with that, Your Honor. And we think that this case is an excellent illustration of that disagreement. Here, the district court at the end of the opinion says this is a strike because Mr. Pitts has failed to state a claim. And we agree with Judge Richardson wholeheartedly that the inquiry as to whether the case was properly dismissed under HEC is a totally separate inquiry from whether a HEC dismissal qualifies as failure to state a claim under Section 1915G. The inquiries are not one and the same. So we simply disagree with their reading of Blakely. We also agree with Judge Giles that being clear about the rationale for dismissal, that it is dismissed under HEC or it is dismissed for sovereign immunity. That is what puts the defendants on proper notice. It's not a strike determination that so often misinforms litigants, as the Second Circuit and the Third Circuit have recognized. Even this court's case law recognizes that the rightness doctrine exists in part to prevent haphazard and erroneous determinations that are made when a case is not properly presented. I don't want to belabor this, but it's not a right misconcern because there was a valid and live claim that was before the court. The point is the court then kept going. In the opinion, it resolved the claim, HEC bar, and that's a strike. That's not a right misconcern because at the time the court was acting, there was a live claim. It's whether dicta is prohibited or not. We agree that there was a live claim as to whether Mr. Pitt's case can be dismissed. Can I ask this in a slightly different way? I'll beg the judge's indulgence to let you have a little time. Would it make a difference to you if the court had said, if you file again, then this will count as a strike? That would be closer, Your Honor, but it wouldn't make an ultimate difference. Why not? I understand the argument that this says so ordered shall, it's present tense, all that sort of stuff. Why wouldn't that solve the problem? Because it purports to make a binding decision. The distinction for us is whether looking at lots of those examples. Right. So like the examples of if you keep doing this, I'm going to hold you in contempt. Right. If you don't file objections to the magistrate judge's report and recommendation. Right. You will not get an adjudication of those. Right. All the time we advise and particularly to pro se's, we say, like, if you do this, this is what's going to happen. And we don't think that the judge is then bound to hold the person in contempt if they do it, that the judge's hands aren't tied. Right. So if you keep doing this, I'm going to hold you in contempt. When you keep doing it, we don't think the judge is like, oh, I have no choice now, but to hold you in contempt. He then has to make his own determination at that point whether to hold you in contempt. And so why are those cases different? And I'm confident she'll give you a little bit of time. So for a few reasons, we believe those cases are different. First, there isn't the same clear statutory directive. Second, as Amicus points out. Because contempt authority requires a determination by the judge at the time. Right. You can't prejudge a contempt. So from a statutory perspective, it seems like to me you can't prejudge a contempt. You can't prejudge a strike. All those seem synonymous. I see. I understand, Your Honor. And again, that is a closer question and one that's not presented here. We think that there's something about inherent authority to manage one's own courtroom. It doesn't present the same risk that I will erroneously defer to my prior determination that I will hold you in contempt. But to the extent that courts are purporting to make a legal determination that they're not authorized to make, we don't bless that practice. This court does not need to go anywhere near there in this case. Ultimately, we agree with Judge Harris's discussion of the difference between holding and dicta. And here we think it's crystal clear, perhaps clearer than any case that came before, that here the court is purporting to adjudicate the strike question that's not presented and make an order about the strikes. And if this court blesses that practice, we think that's incredibly dangerous for pro se prisoners because they're being misinformed, as Mr. Pitts was here in this case, where the district court called a strike that does not count as a strike under the separate case law under 1915G. Can I ask one final question with some indulgence? Can you point me, help me see the cases or case or line of cases that have this idea that if I say it's a holding, that it is a holding, right? I mean, that seems to me to be a hard line. I mean, there are lots of tests of the line between holding and dicta, and it's not a model of clarity. But when I've looked at those, and I didn't do it in any detail here, none of them seem to say, well, did the court say it was a holding or did the court say it was dicta? It's not so formalistic as to say, was the court speaking in language that was holding-like or dicta-like? It instead asks about the role it has in the decision, right? So where am I looking to see this idea that the manner in which the judge frames it is relevant to whether it is dicta or a holding? Right. So to be clear, we're not advocating for the technical position that a district court has to label, this is holding, this is dicta. It has to do with looking at the face of the order, and there will always be close cases where if a district court says, I am ordering something, that is a purported holding. And I think this court, in many cases, this will not be complicated. The district court will either purport to hold it here. It's particularly easy because the language on the docket says the case is dismissed. It shall count as a strike. The word strike is plastered at the top of the docket. There's no question as to whether this decision was made in the view of the district court and in the view of any reasonable reader and recipient of an order like this, like Mr. Pitts. And so I would conclude just by saying that this system is not working. Contrary to amicus's representation, litigants like Mr. Pitts are receiving strike orders that are wrong and that district courts have no authority to provide. And we respectfully request that this court vacate the strike order in this case. Thank you. Thank you very much. We thank all of the lawyers for attending today. And Ms. Ashwell, I know that you were court appointed amicus, and we especially are grateful for your willingness to take this case. Thank you for being with us, and we are very sorry we can't come down to shake hands as would be our custom and our preferred choice, but we wish you the very best.
judges: Pamela A. Harris, Julius N. Richardson, Patricia T. Giles